Della McMahon, Administratrix of Estate of Rolla Mc-
Mahon, Deceased, Appellant, v. Ora B. Duncan,
Administratrix of Estate of Wilbur C. Duncan, De-
ceased, and Illinois Central Railroad Company,
Appellees.

Gen. No. 9,314.

Heard in this court at the October term, 1941. Opinion filed February 24, 1942. Rehearing denied May 5, 1942.

COY N. OVERAKER and CATRON & HOFFMANN, all of Springfield, for appellant; LACEY CATRON, of Spring-field, of counsel.

GILLESPIE, BURKE & GILLESPIE, of Springfield, for certain appellee.

GRAHAM & GRAHAM, of Springfield, for certain other appellee; E. C. CRAIG, V. W. FOSTER and C. A. HEL-SELL, all of Chicago, of counsel.

MR. PRESIDING JUSTICE HAYES delivered the opinion of the court.

Rolla McMahon and Wilbur C. Duncan were killed in a collision at Divernon, Illinois, on January 1, 1939,

when the car owned and driven by Duncan struck a train operated by the Illinois Central Railroad. There were two witnesses to the collision who testified that the Duncan car turned from a side street on to the street intersecting the railroad right of way a block from the crossing; that the car proceeded at a speed of about 30 miles per hour, and failed to slacken its pace at any time before it reached the crossing. The train in question was coming from the north and proceeding in a southerly direction at a speed of about 55 or 60 miles per hour.

The record shows that north of the highway there were located a tool house and two lumber sheds, joined by a picket fence, which may have tended to obstruct the view of motorists traveling on the highway toward the crossing. It also appears from the record that the flashing signal at the crossing was in operation at the time of the collision and that the engineer on the train sounded his whistle as he approached the crossing. The Duncan car and the train collided at the crossing,—the car striking the train about six feet back of the front of the locomotive.

This action was brought in the circuit court of Sangamon county by the administratrix of the McMahon estate, against the administratrix of Duncan's estate and the Illinois Central Railroad Company, under the Injuries Act, to recover damages for McMahon's death. There was a trial before a jury and at the close of plaintiff's case both defendants filed motions for directed verdicts. The motion on behalf of the administratrix of Duncan's estate was allowed by the court and the jury instructed to find that the defendant was not guilty. The trial court denied the motion of the railroad company and evidence was then introduced on its behalf. At the close of all the evidence the railroad company again moved for a directed verdict in its behalf, which motion was also denied by the court. The case was submitted to the jury on instructions, but that body was unable to reach a verdict. There-

after the railroad filed a motion to set aside the trial court's ruling on its motion for a directed verdict and for judgment notwithstanding the failure of the jury to reach a verdict. Plaintiff filed a motion to set aside the directed verdict and the judgment of not guilty was entered in favor of the defendant Duncan. After a hearing, the court denied plaintiff's motion but allowed the railroad's motion for judgment, notwithstanding the failure of the jury to reach a verdict and entered a judgment of not guilty in its favor.

In our view of the case, there is evidence tending to establish wilful and wanton misconduct on the part of the driver of the car. There is also a question as to whether or not the passenger in the car was guilty of wilful and wanton misconduct, sufficient to bar recovery by his administratrix. The evidence as to the negligence of the railroad is not so clear, but the record discloses that its right of way was obstructed by adjoining buildings and a tool house maintained by the railroad on its right of way, and that the speed of its train was excessive. It is therefore clear from these facts, and all reasonable inferences therefrom, that issues were raised before the trial court as to the negligence of the plaintiff and both defendants, and as to whether the negligence of any or all of them amounted to wilful and wanton misconduct. Such disputed questions of fact are properly decided only by a jury. It is not within the province of either a trial court or a court of review to weigh evidence in this class of cases. *Lauer v. Elgin, J. & E. Ry. Co.*, 305 Ill. App. 200, 27 N. E. (2d) 315 and cases cited therein.

We do not believe that the trial court was justified at any point during the trial or after verdict to direct a verdict for any of the parties.

The judgment of the circuit court of Sangamon county is therefore reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*